UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| LOUISE MILAN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 3:13-cv-00001-WTL-WGH |
| | ) |
| CITY OF EVANSVILLE, | ) |
| BILLY BOLIN, in his individual | ) |
| Capacity, and EVANSVILLE | ) |
| POLICE DEPARTMENT OFFICERS | ) |
| and SWAT TEAM MEMBERS – | ) |
| ALLEN GANSMAN, KACEY ROSS, | ) |
| CHAD DIEDRICH, JACOB TAYLOR, | ) |
| NICK WINSETT, MIKE GRAY, | ) |
| JEFF TAYLOR, JOSH WITTMER, | ) |
| SHAWN CHAPMAN, JEFF KINERY | ) |
| And DAVID MOLINET | ) |
| in their individual capacities, | ) |
| | ) |
|     Defendants. | ) |

## THIRD AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

1.    The Plaintiff, Louise Milan ("Milan"), brings this action against the Defendants, City of Evansville, Evansville Police Department Chief – Billy Bolin ("Bolin") in his individual capacity and Officers of the Evansville Police Department and SWAT Team – Allen Gansman, Kacey Ross, Chad Diedrich, Jacob Taylor, Nick Winsett, Mike Gray, Jeff Taylor, Josh Wittmer, Shawn Chapman, Jeff Kinery and David Molinet (collectively known as "Officers") in their individual capacities, pursuant to 42 U.S.C. § 1983, alleging that the Defendants violated her rights as protected by the Fourth and Fourteenth Amendments of the United States Constitution.

2. Plaintiff's *Third Amended Complaint and Demand for Jury Trial* satisfies the relation back requirements of Fed. R. Civ. P. 15(c) because the claims asserted herein arose out of the same conduct, transaction, or occurrence set out – or attempted to be set out – in the original Complaint and the terms of Fed. R. Civ. P. 15(c)(1)(B) are met.

## PARTIES

3. Milan is a resident of the State of Indiana. At all relevant times to this action, Milan resided within the Southern District of Indiana at all times relevant to this action.

4. The City of Evansville is a municipality located within the Southern District of Indiana.

5. Bolin was employed by the Evansville Police Department, as its Chief during the times relevant hereto. Bolin was the final policymaker and performed policy making, administrative and ministerial duties on behalf of the City of Evansville for the Evansville Police Department within the Southern District of Indiana at all times relevant to this action.

6. Officers were employed with the Evansville Police Department within the Southern District of Indiana at all times relevant to this action.

7. Milan's State law claims arise from the same common nucleus of operative facts as her federal law claims and all of her claims form a single case and controversy under Article III of the United States Constitution.

## JURISDICTION AND VENUE

8. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 42 U.S.C. § 1983.

9. Defendants, acting under color of State Law, intentionally and with reckless disregard, violated Milan's rights as protected by the Fourth and Fourteenth Amendments of the United States Constitution.

10. The City of Evansville and Bolin are – individually – a "person" within the meaning of 42 U.S.C. § 1983.

11. The individual Officers are – individually – a "person" within the meaning of 42 U.S.C. § 1983.

12. All facts, events, and transactions giving rise to this lawsuit occurred within the geographic environs of the Southern District of Indiana, thus, venue is proper in this Court.

## FACTUAL ALLEGATIONS

13. On June 21, 2012, the Evansville Police Department ("EPD") and Officers of the EPD and its SWAT Team executed a search warrant for computer devices and raided Milan's residence with a local television news crew in tow to memorialize the raid.

14. The execution of the search warrant and raid were undertaken pursuant to a written policy, long-standing custom or practice, or the acts of the City of Evansville police department and/or Chief Bolin.

15. The EPD and Officers were purportedly responding to anonymous on-line threats and targeted Milan's residence based on an unverified computer IP address. The EPD and Officers failed to exercise any diligence and/or expertise to verify the computer IP address and if it had been hacked and/or pirated by some other person.

16. The EPD and Officers did not have the name of any specific suspect. The only people at the residence were Milan, who is sixty-eight (68) years old, and her eighteen (18) year old daughter, Stephanie Milan.

17. The Officers smashed Milan's window and storm door and threw in two (2) flash bang grenades that created property damage in addition to the destroyed window and storm door. The Officers used flash bang grenades despite the fact that were no threatening suspects visible.

18. Milan and her daughter were ordered on to the floor at gun point, handcuffed and paraded in front of their neighbors into police vehicles. Both were detained and questioned by the Officers.

19. The EPD confiscated Milan's computer, Stephanie Milan's computer and cellular phone. The anonymous suspect was not found nor was any other evidence associated with the on-line threats.

20. It was later determined that some person had remotely accessed Milan's wireless internet connection and the EPD had the wrong address. Milan and her daughter were in no way involved with the anonymous threats.

21. The City of Evansville and Bolin knew about the execution of the search warrant and raid; moreover, they conducted and facilitated the officers' conduct, approved it, condoned it, and/or manifested deliberate indifference to the officers' conduct that violated Milan's Constitutional rights.

22. The City of Evansville and Bolin knew of the "potential" for a constitutional violation under the circumstances of executing the search warrant and raid on Milan's home.

23. The Defendants' violations of Milan's Constitutional rights arose from a municipal written policy, long-standing custom or practice, or the acts of the City of Evansville police department and/or Chief Bolin that was unconstitutional on its face or the moving force behind the damages suffered by Milan.

24. The Defendants' violations of Milan's Constitutional rights arose from a deliberate choice by Bolin to follow a course of action among various alternatives as to execution of the search warrant and raid on Milan's home.

25. Reasonable officers facing the same circumstances the Defendants faced would have recognized that their actions would violate the Constitution and Milan's Constitutional rights.

## COUNT I: VIOLATIONS OF FOURTH AND FOURTEENTH AMENDMENTS

26. Milan hereby incorporates paragraphs one (1) through twenty-five (25) of her Complaint as if the same were set forth at length herein.

27. Defendants violated Milan's rights as protected by the Fourth and Fourteenth Amendments of the United States Constitution by subjecting Milan to an unreasonable search and seizure of her person, property and home, by using unreasonable and/or excessive force to carry out the search and seizure and falsely arresting and/or wrongfully detaining Milan.

28. Defendants acted pursuant to an established policy, procedure or custom, and/or the acts or omissions of the City of Evansville or Bolin.

29. Defendants' actions were reckless, intentional, malicious and in bad faith.

30. Milan suffered damages as a result of the Defendants' acts and omissions.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Louise Milan, by counsel, respectfully requests that this Court find for Plaintiff and order that the Defendants:

1. Pay to Plaintiff compensatory, exemplary and punitive damages;

2. Award actual damages to Plaintiff to adequately compensate her for her injuries;

3. To declare the conduct and practices of the Defendants unlawful and to enjoin them from similar conduct;

4. Pay to Plaintiff consequential damages;

5. Pay to Plaintiff pre- and post-judgment interest;

6. Pay Plaintiff's costs and attorney fees incurred in litigating this action; and,

7. Pay to Plaintiff any and all other legal and/or equitable damages this Court sees fit to grant.

Respectfully submitted,

S/Kyle F. Biesecker_____
Kyle F. Biesecker, Attorney No. 24095-49
Roy W. Harris Jr., Attorney No. 27144-82
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, IN 47708
Telephone:   (812) 424-1000
Facsimile:    (812) 424-1005
Email 1:       kfb@bdlegal.com
Email 2:       rharris@bdlegal.com

Attorneys for the Plaintiff

## DEMAND FOR JURY TRIAL

The Plaintiff, Louise Milan, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

>Respectfully submitted,
>
>S/Kyle F. Biesecker_____
>Kyle F. Biesecker, Attorney No. 24095-49
>Roy W. Harris Jr., Attorney No. 27144-82
>
>BIESECKER DUTKANYCH & MACER, LLC
>411 Main Street
>Evansville, IN 47708
>Telephone: (812) 424-1000
>Facsimile: (812) 424-1005
>Email 1: kfb@bdlegal.com
>Email 2: rharris@bdlegal.com
>
>Attorneys for the Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2014, a copy of Plaintiff's *Third Amended Complaint and Demand for Jury Trial* was filed electronically. Parties may access this filing through the Court's system. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.

>*Counsel for Defendants:*
>
>ZIEMER, STAYMAN, WEITZEL & SHOULDERS
>Keith W. Vonderahe: kvonderahe@zsws.com
>Robert L. Burkart: rburkart@zsws.com
>
>s/ Kyle F. Biesecker
>Kyle F. Biesecker